

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,106

### EX PARTE JEFFREY POMPA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2006-0224-A IN THE 16TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while intoxicated, and was sentenced to 25 years' imprisonment. He did not appeal.

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because when applicant was not able to pay the fee he had recently learned would increase if he demanded a trial, counsel told applicant that he would be "distracted" while trying the case due to applicant's non-payment of the fee. One of trial counsel's former assistants testified that counsel "used the

language about being distracted at trial in the absence of an additional fee on many occasions, not only with [applicant], but with other clients."

The trial court has determined that trial counsel was ineffective in that counsel's increased demands for money greatly affected applicant's decision to plead guilty and that such ineffective representation prejudiced applicant. We find, therefore, that applicant is entitled to a new trial. The judgment of conviction in Case No. F-2006-0224-A from the 16th Judicial District Court of Denton County is set aside, and applicant is remanded to the custody of the Denton County Sheriff's Department to answer the indictment.

Delivered: March 11, 2009
Do Not Publish